RALPH LAMB, INDIVIDUALLY, AND AS SHERIFF OF CLARK COUNTY, NEVADA, AND THE CLARK COUNTY SHER-IFF'S OFFICE, APPELLANTS, v. WILLIAM MIRIN, RESPONDENT.

No. 7217

September 4, 1974                                   526 P.2d 80

---

*Roy A. Woofter,* District Attorney, and *George F. Ogilvie, Jr.,* Chief Civil Deputy District Attorney, Clark County, for Appellants.

*Kermitt L. Waters,* of Las Vegas, for Respondent.

**OPINION**

By the Court, BREEN, D. J.:

On October 25, 1972, respondent William Mirin, a taxicab driver, was in the process of loading passengers at McCarran International Airport, located in Clark County, Nevada. He had secured permission from two passengers to share the taxi ride and fares with other persons. An officer of the Clark County Sheriff's Department observed Mirin loading additional passengers, accused him of "double loading" and seized his taxi driver's permit. When Mirin returned to the airport, a deputy sheriff advised him that his privilege to pick up passengers at the airport was suspended for thirty days because of "double loading."

On November 1, 1972, Mirin filed a Complaint in the District Court alleging that the person who had engaged his taxicab had given permission for other persons to ride therein and prayed that the District Court enjoin the appellants from "interfering in any manner whatsoever, with plaintiff's peaceful transaction of his business, and from harassing, annoying, embarrassing, humiliating and intimidating or attempting to intimidate plaintiff." In Mirin's Complaint, he alleged that NRS 706.8849(1)(f) preempted that particular field of the law and precludes Clark County from prohibiting "double loading" of taxicabs at McCarran International Airport.

After a hearing, the District Court concluded that by virtue of NRS 706.881 to NRS 706.885, the State of Nevada had preempted the field of taxicab regulation, and that "double loading" was authorized under certain circumstances. On December 7, 1972, that Court enjoined the appellants from "seizing plaintiff's (Mirin's) taxicab driver's permit for the offense of double loading, or from doing so in any event, without a prior hearing having been conducted. This appeal is taken from that Order.

Clark County owns and operates McCarran International Airport, which is located on county owned real property. On March 20, 1970, the Clark County Commissioners enacted

certain rules, regulations, sanctions and penalties with respect to taxicab drivers picking up passengers at the airport.

Section 8 of McCarran Airport Rules and Regulations provides that "Double loading or multiple loading transactions and activities at McCarran International Airport, regardless of the amount of traffic, and at any time of the day or night, are strictly forbidden."

The penalties and sanctions to which a driver could be subjected included, among others, immediate seizure of a taxi driver's work permit, and/or suspension of the right to load and unload passengers at McCarran International Airport. The rules and regulations also make provisions for post revocation notice, hearing and review by a hearing officer and/or the Board of Clark County Commissioners.

During its 1969 session, the legislature enacted NRS 706.-881 to NRS 706.885, which sets forth requirements for the operation of taxicabs in counties whose population exceeds 200,000. On October 25, 1972, Clark County's population exceeded 200,000.

NRS 706.8849(1)(f)[1] authorizes the practice of "double loading" under certain circumstances, and NRS 706.8843 sets forth the manner in which sanctions are to be imposed for violations of the taxicab regulations by drivers, including a hearing prior to imposing the sanction.

A reading of NRS 706.881 to 706.885 reflects a clear legislative intent to exclusively occupy the field with respect to taxicab regulations. Those statutes set forth a general and comprehensive taxicab regulatory scheme.

Whenever a legislature sees fit to adopt a general scheme for the regulation of a particular subject, local control over the same subject, through legislation, ceases. In determining whether the legislature intended to occupy a particular field to the exclusion of all local regulation, the Court may look to the whole purpose and scope of the legislative scheme. *Ronnow v. City of Las Vegas,* 57 Nev. 332, 65 P.2d 133 (1937). *In re*

---

[1]NRS 706.8849(1)(f) reads: "1. A taxicab driver shall: (f) Not permit any person other than the person who has engaged the taxicab to ride therein unless the person who has engaged the taxicab gives permission for such other person to ride in the taxicab, but if permission is given the fare charged by the driver shall be as follows: When the person who has engaged the taxicab is first to leave the taxicab and pay the fare, the taxi meter shall be reset to zero."

*Loretizo,* 59 Cal.2d 445, 380 P.2d 656 (Cal. 1963); *In re Moss,* 23 Cal.Rptr. 361, 373 P.2d 425 (Cal. 1962). That which is allowed by the general laws of a state cannot be prohibited by local ordinance, without an express grant on the part of the legislature. People v. Commons, 64 Cal.App.2d Supp. 925, 148 P.2d 724 (Cal. 1944). In no event may a county enforce regulations which are in conflict with the clear mandate of the legislature. *Mabank Corporation v. Board of Zoning Appeals,* 143 Conn. 132, 120 A.2d 149 (1956).

It would be difficult to find a more comprehensive legislative scheme or an ordinance in clearer conflict with a state statute.

Appellants also contend that the preemptive effect evidenced in NRS 706.881 to NRS 706.885 is not applicable or binding on Clark County because it owns, operates and enacts rules and regulations governing McCarran International Airport solely in its proprietary capacity.

In some instances, a municipal directive can supersede and render a prior conflicting state law inapplicable, but only where the subject matter is purely or strictly of local concern, and the power to regulate the particular subject matter is expressly conferred. *Ronnow v. City of Las Vegas,* supra; *Goodall v. City of Clinton,* 161 P.2d 1011 (Okla. 1945). There is no such express grant of power in this case.

The plenary authority of a legislature operates to restrict and limit the exercise of all municipal powers, whether public or governmental, proprietary or private. *Twohy Bros. Co. v. Ochoco Irr. Dist.,* 216 P. 189 (Ore. 1923). The preemption by the state as evidenced in NRS 706.881 to NRS 706.885 is applicable to proprietary functions of local governments.

Appellants finally contend that NRS Chapters 495 and 496 enacted prior to 1963 support the regulation in question. It is sufficient to say that Chapter 706 of NRS is the latest expression by the legislature on the subject, and has superseded any inconsistent provisions of prior legislative enactments.

Our holding that NRS Chapter 706 has preempted the field with respect to taxicab regulations makes it unnecessary for us to consider the propriety of the appellant's actions in seizing

Mirin's taxi driver's permit and suspending his loading privileges at McCarran's International Airport without a prior hearing.

Affirmed.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.