Raymond J. **BURKHALTER,** Donald L. **Calvano,** and all other police officers similarly situated, Plaintiffs-Appellants,

v.

Arthur G. **DILL,** Chief of Police of the City and County of Denver, Elvin Caldwell, Manager of Safety of the City and County of Denver, Civil Service Commission of the City and County of Denver, consisting of Oswald C. Abernathy, President, Ted Bach, Member, and William Cassell, Member, and the City and County of Denver, a municipal corporation, Defendants-Appellees.

No. 82CA0261.

Colorado Court of Appeals, Div. II.

May 3, 1984.

Rehearing Denied June 7, 1984.

Certiorari Denied Nov. 19, 1984.

Geer & Goodwin, P.C., Robert E. Goodwin, Denver, for plaintiffs-appellants.

Max P. Zall, City Atty., Robert D. Dowler, Asst. City Atty., Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiffs, Raymond J. Burkhalter and Donald L. Calvano, are patrolmen first grade in the Denver Police Department, with seniority dating from 1969 and 1970, respectively. In 1980, against their wishes, their district commander reassigned both of them from the day shift, one to the early morning and the other to the evening shift. They filed grievances through the department chain of command and, on denial, appealed to the Civil Service Commission. The Commission dismissed the appeal for lack of jurisdiction. They then commenced this action against defendants (the city) for a declaratory judgment and an injunction prohibiting the city from making shift and days off assignments without regard to seniority.

At the conclusion of plaintiffs' case in chief, the trial court determined that plaintiffs had no vested rights in such assignments based on seniority, that no disciplinary action was involved in the reassignments, and that their superiors did not act arbitrarily or capriciously nor did they abuse their discretion in assigning plaintiffs as they did. Accordingly, the action was dismissed for failure to establish a claim against the city for which relief could be granted. Plaintiffs appeal. We agree with the trial court and affirm.

Plaintiffs have raised 19 issues, but the one question dispositive of this appeal is whether Denver police officers at the time pertinent to this case had a right to choose their shift and days off assignments based solely on seniority. We hold they did not.

█ Seniority creates rights in certain areas of employment such as promotion, retirement, and lay off. However, plaintiffs and their counsel admit that there is no provision within the state statutes, charter or ordinances of the city, the city's civil service regulations, the Denver Police Department Operations Manual, or any employment contract which sets forth any right in a police officer to select shift or days off assignments based solely on seniority. No case law has been cited to support that proposition. In fact, in addressing the duties and responsibilities of command officers, § 6.04 of the operations manual states:

"They shall without specific instructions establish the required details and assignments necessary to carry out the functions of the police department and of their command in particular. They shall be guided in their assignment of personnel by the number of officers available to them for assignment, and the necessity for assigning officers where they will be the most useful and efficient."

See also § 101.01(4) of the operations manual.

Assignments are made at the discretion of the unit commander and, in the absence of an abuse of that discretion, the commander's decision will be upheld. The trial court, from the evidence presented, found no abuse. That finding is binding on appeal. *Broncucia v. McGee*, 173 Colo. 22, 475 P.2d 336 (1970).

In view of the ruling on the key issue, it is not necessary to address the other contentions raised in this appeal.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.