Gerald **HIMELGRIN** and Lloyd K. **Shinsato, Plaintiffs-Appellants,**

v.

**CITY AND COUNTY OF DENVER, Career Service Authority, Career Service Board, Alfred Wood, Francis H. Salter, Leo E. Cardenas, Marian N. Rossmiller, as member of the Career Service Board, and A.H. Abshire, Personnel Director of the Career Service Authority, Defendants-Appellees.**

No. 85CA0974.

Colorado Court of Appeals,
Div. I.

Feb. 6, 1986.

Rehearing Denied March 13, 1986.

The Law Firm of Leonard M. Chesler, Earl S. Wylder, Denver, for plaintiffs-appellants.

Kelly, Haglund, Garnsey & Kahn, Edwin S. Kahn, James W. Hubbell, Denver, for defendants-appellees.

KELLY, Judge.

This is an appeal from the judgment of the trial court declaring that the Career Service Board of the City and County of Denver has the power under the City Charter to promulgate a rule barring city attorneys from the private practice of law and further declaring that the rule does not constitute prohibited retrospective legisla-tion under Colo. Const. art. II, § 11. The plaintiffs challenge both holdings of the trial court, and we affirm.

The facts are undisputed and are as found by the trial court: After the announcement of a proposed rule by the personnel director of the Denver Career Service Authority, the Career Service Board held a hearing in 1983 and promulgated a rule which prohibits the private practice of law by city attorneys effective June 30, 1984. The plaintiffs had been employed as assistant city attorneys long prior to the effective date of the rule and, under the prior custom pertaining in the office of the city attorney, had engaged in the private practice of law during their off-duty hours.

I.

The plaintiffs first contend that the trial court erred in ruling that promulgation of the rule was within the authority granted to the Career Service Board by the Denver City Charter. We disagree.

The pertinent provisions of the Charter say that:

"The Career Service Board ... shall have power to ... make, amend, and repeal personnel rules governing the Career Service [and] ... administer and enforce its personnel rules...." Denver City Charter C5.25.

"The personnel rules of the Career Service Board shall include provisions governing (a) appointments, (b) promotions, (c) demotions, (d) transfers, (e) lay-offs, (f) dismissals, (g) suspensions, (h) separations, (i) conditions of work, (j) leaves of absence, (k) appeals to the Career Service Board, and (l) other personnel matters." Denver City Charter C5.25–1.

That these provisions of the Charter are sufficiently specific to encompass the Board's promulgation of the rule restricting city attorneys from the private practice of law hardly requires demonstration. Further, this rule, promulgated pursuant to Charter authority, is entirely consistent with the "basic purpose of civil service laws ... to secure efficient public servants for positions in government." *Colorado*

*Ass'n of Public Employees v. Lamm,* 677 P.2d 1350 (Colo.1984). *See also Mulry v. Driver,* 366 F.2d 544 (9th Cir.1966); *Hattiesburg Firefighters Local 184 v. Hattiesburg,* 263 So.2d 767 (Miss.1972).

## II.

Relying on *P-W Investments, Inc. v. City of Westminister,* 655 P.2d 1365 (Colo. 1982), the plaintiffs argue that the rule, as applied to them, is unconstitutionally retrospective under Colo. Const. art. II, § 11. We disagree.

In *P-W Investments, Inc., supra,* the Supreme Court observed that:

"Article II, Section 11 prohibits the enactment of a law which is 'retrospective in its operation.' The test for determining whether a particular law constitutes restropective legislation centers on whether it 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'"

Since the rule applies only to conduct engaged in after its effective date, it does not create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past. Hence, in order to demonstrate that the rule is unconstitutionally retrospective, the plaintiffs must show that it takes away or impairs vested rights acquired under existing laws.

It is here conceded that, prior to the promulgation of the rule by the Career Service Board, there existed only a policy in the city attorney's office permitting private practice by the attorneys during their off-duty hours. There was no ordinance, rule, or regulation explicitly permitting or forbidding the practice. Thus, the plaintiffs' argument depends upon the existence of some general principle of law which accords to them an inalienable right to engage in the private practice of law. Yet, the plaintiffs concede their failure to locate any authority for the proposition that there exists a vested right in public employees to engage in "moonlighting" activities.

The existence of a vested right may not be proclaimed unless the private interest in the right outweighs the public interest in the challenged rule. *See Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976); *Adams Nursing Home of Williamstown, Inc. v. Mathews,* 548 F.2d 1077 (1st Cir.1977). Here, the burden of the rule to the plaintiffs is slight and the benefits to the public are great. The plaintiffs have admitted that they derive little income from their private practices, whereas the Career Service Board found that the rule would reduce or eliminate actual or apparent conflicts of interest, increase the public trust and confidence in the department of law, and enhance the quality of legal representation provided to public clients.

An increasing number of courts have rejected constitutional challenges to the validity of restrictions on outside employment by public employees. *See Gross v. University of Tennessee,* 620 F.2d 109 (6th Cir. 1980); *Youker v. Gulley,* 536 F.2d 184 (7th Cir.1976); *Mulry v. Driver, supra; Croft v. Lambert,* 228 Or. 76, 357 P.2d 513 (1960). *Cf. Burkhalter v. Dill,* 691 P.2d 347 (Colo. App.1984). In those few jurisdictions which have addressed restrictions on the outside employment of government attorneys, the right of the legislative body to do so has been upheld. *See Madera v. Gendron,* 59 Cal.2d 798, 31 Cal.Rptr. 302, 382 P.2d 342 (1963); *Marfisi v. Fourth Judicial District Court,* 85 Nev. 445, 456 P.2d 443 (1969). We are persuaded by the reasoning of these cases and therefore hold that the Career Service Board was empowered to promulgate the rule prohibiting city attorneys from engaging in the private practice of law and that the rule so promulgated was not unconstitutionally applied to the plaintiffs.

The judgment of the trial court is affirmed.

PIERCE and BABCOCK, JJ., concur.