Robert W. **HALL**, Plaintiff—Appellant,

v.

**CLUB CORPORATION OF AMERICA,** et al., Defendants—Appellees.

No. 00–15129.

D.C. No. CV–99–00371–JBR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2002.

Decided April 15, 2002.

Before REINHARDT, MAGILL,\* and FISHER, Circuit Judges.

### MEMORANDUM \*\*

Appellant Robert W. Hall, a Nevada resident, appearing pro se, appeals the district court's dismissal of his diversity action alleging that Club Corporation of America ("ClubCorp"),[1] a Texas corporation, and Plaza Club–Hawaii, Ltd. ( "Plaza Club"), a Hawaii corporation, breached a contract providing him with lifetime membership benefits in an association of dining and social clubs. The district court dismissed Hall's claims against Plaza Club based on a lack of personal jurisdiction, and his claims against ClubCorp for failure to state a claim upon which relief can be granted or, in the alternative, for failure to

join a necessary and indispensable party pursuant to Federal Rules of Civil Procedure 12(b)(6) and 19, respectively. This court reviews the district court's dismissal for lack of personal jurisdiction de novo. *Lee v. City of Los Angeles*, 250 F.3d 668, 680 (9th Cir.2001). In reviewing the district court's decision to dismiss a plaintiff's claim for failure to join a party under Rule 19, this court will uphold that decision absent an abuse of discretion. *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir.1992). For the following reasons, we affirm.

With respect to the claims against Plaza Club, the district court correctly dismissed those claims for lack of personal jurisdiction. When determining whether the exercise of personal jurisdiction over Plaza Club is proper, both the Nevada long-arm statute and the federal Constitution's requirements of due process must be met. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir.1995). The burden of establishing personal jurisdiction rests on Hall's shoulders. Because the Nevada long-arm statute reaches as far as the constitutional requirements, this court need only analyze whether the exercise of personal jurisdiction comports with due process. *Id.*

Personal jurisdiction over a nonresident defendant may exist if the defendant has minimum contacts with the forum state such that the exercise of jurisdiction " 'does not offend traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339,

\* Honorable Frank Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Now known as ClubCorp USA, Inc., a Delaware corporation with its principal place of business in Dallas, Texas.

85 L.Ed. 278 (1940)). Such contacts may give rise to either general or specific jurisdiction. General jurisdiction will exist if Plaza Club's activities within Nevada are "substantial" or "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Plaza Club's lack of a regular place of business in Nevada is significant in determining whether personal jurisdiction exists. *Omeluk,* 52 F.3d at 270. Because Hall makes absolutely no allegations[2] that Plaza Club has "substantial" or "continuous and systematic" contacts with Nevada, general jurisdiction cannot be found. Instead, we must now examine whether specific jurisdiction exists over Plaza Club.

◼ Specific jurisdiction arises from a defendant's contacts with the forum state. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868. This court applies a three-part test to determine whether specific jurisdiction exists:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or results from the defendant's forum-related activities; and

(3) exercise of jurisdiction must be reasonable.

*Omeluk,* 52 F.3d at 270 (citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977)). In order to satisfy the requirements of due process, all three requirements must be met. *Omeluk,* 52 F.3d at 270. Once again, Hall has failed to allege sufficient facts to meet the requirements for specific jurisdiction. Hall's complaint is absent allegations that Plaza Club "purposefully availed" itself of the privileges and laws of Nevada. Hall's only argument in support of his position is his claim that Plaza Club is the "alter ego" of ClubCorp, which has sufficient ties to Nevada. Notwithstanding the fact that we should not entertain this claim because Hall failed to raise it in the court below, even if we were to allow this "alter ego" theory to proceed, such an allegation would not, *per se,* confer specific jurisdiction over the former entity. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 n. 13, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) ("jurisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary"). Absent sufficient allegations by Hall regarding Plaza Club's contacts with Nevada, we affirm the district court's decision finding that personal jurisdiction was lacking over Plaza Club.[3]

◼ With respect to the claims against ClubCorp, the district court correctly dismissed Hall's claims for failure to join a necessary and indispensable party.[4] When

---

**2.** In his brief, Hall asserts, for the first time on appeal, that Plaza Club is the "alter ego" of ClubCorp. This argument, however, must fail because by failing to raise it in the court below, Hall has waived this issue. *Brazil v. United States Dep't of the Navy,* 66 F.3d 193, 198–99 (9th Cir.1995).

**3.** Nothing we say here today precludes Hall from filing an action against Plaza Club in Hawaii, where he entered into the contract in dispute.

**4.** Because we can affirm on any basis supported by the record, *Tanaka v. Univ. of S. Cal.,* 252 F.3d 1059, 1062 (9th Cir.2001), we need not address the district court's conclusion that no contract existed between Hall and ClubCorp. Our failure to do so, however, should not be seen as a finding that such a contract exists.

determining whether an action was properly dismissed for failure to join a party under Rule 19, we must apply a two-part analysis. *Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir.1999). First, we must determine whether an absent party is "necessary," and if that party is considered necessary but cannot be joined, this court must then determine whether the party is "indispensable." *Id.*

It goes without saying that parties to a contract are necessary ones. *Crowley v. Duffrin*, 109 Nev. 597, 855 P.2d 536, 540 (1993). Therefore, it is without question that Plaza Club is a necessary party. It cannot be joined, however, because any exercise of jurisdiction over it would, as shown above, offend due process. Next, we must consider whether Plaza Club was "indispensable." In making this determination, we direct the parties to the well-reasoned opinion of the district court analyzing each of the four "indispensability" factors. For the reasons set forth in that opinion, we affirm the district court's conclusion that Plaza Club was a necessary and indispensable party.

Finally, we have considered Hall's contentions regarding the district court's failure to allow amendment or oral argument and defendants' purported bad faith use of affidavits and conclude that these contentions lack serious merit.

AFFIRMED.