COLORADO DEPARTMENT OF PUB-
LIC HEALTH AND ENVIRON-
MENT, Plaintiff–Appellee,

v.

Phillip BETHELL, d/b/a Elk Springs
Recycling and Recovery,
Defendant–Appellant.

No. 01CA1944.

Colorado Court of Appeals,
Div. V.

Nov. 7, 2002.

Ken Salazar, Attorney General, David E. Kreutzer, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Ralph A. Cantafio, P.C., Ralph A. Cantafio, Steamboat Springs, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

In this regulatory enforcement action, defendant, Phillip Bethell, d/b/a Elk Springs Recycling and Recovery, appeals the trial court's summary judgment in favor of plaintiff, Colorado Department of Public Health and Environment (CDPHE), and the penalty assessed against him. Defendant argues the trial court erroneously applied the exhaustion of remedies doctrine to bar certain of his defenses, wrongly rejected his constitutional challenges to CDPHE's financial assurance regulations, granted summary judgment prematurely, and improperly assessed a penalty. We disagree and therefore affirm.

Since 1990, defendant has owned and operated an oil and gas drilling brine waste disposal facility that he acknowledges is subject to regulation by CDPHE as a solid waste disposal site. In June 1999, CDPHE notified defendant he had not complied with CDPHE's regulations requiring financial assurance for closure and postclosure care of solid waste disposal sites.

On May 20, 2000, CDPHE served on defendant a compliance order asserting he had not provided the required financial assurance. Defendant neither provided financial assurance nor appealed the order to an administrative law judge.

CDPHE brought suit in district court seeking an order requiring compliance and an assessment of penalties against defendant. After defendant answered, CDPHE moved for judgment on the pleadings and for summary judgment. Defendant filed a combined response, requested time to conduct discovery, and moved to amend his answer.

The trial court denied defendant's request for additional time, denied his motion to amend, and granted summary judgment in favor of CDPHE. After a hearing, the trial court assessed a $7,793 penalty against defendant.

## I. Exhaustion of Administrative Remedies

Defendant first contends the trial court erred in refusing to consider certain of his grounds for opposing summary judgment based on his failure to exhaust administrative remedies. He further contends the compliance order did not become effective, and hence the appeal deadline never lapsed. We disagree.

### A.

We review de novo a trial court's decision to grant summary judgment. Summary judgment is appropriate only if the pleadings and supporting documents demonstrate no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden to establish that no genuine issue of material fact exists; any doubt must be resolved against the moving party. *See Aspen Wil-*

*derness Workshop, Inc. v. Colo. Water Conservation Bd.,* 901 P.2d 1251 (Colo.1995).

Administrative proceedings are accorded a presumption of regularity. *Van Sickle v. Boyes,* 797 P.2d 1267 (Colo.1990). A reviewing court may overturn an administrative agency's determination only if the court finds the agency acted in an arbitrary and capricious manner, made a determination that is unsupported by the record, erroneously interpreted the law, or exceeded its constitutional or statutory authority. *McClellan v. Meyer,* 900 P.2d 24 (Colo.1995).

An agency's interpretation of its own regulation is generally entitled to great deference and will be accepted if it has a reasonable basis in law and is warranted by the record. *Ohlson v. Weil,* 953 P.2d 939 (Colo. App.1997).

### B.

Under CDPHE's enforcement regulations, "[a]ll Compliance Orders are effective upon receipt unless provided otherwise in the Compliance Order," and within thirty calendar days of the effective date, "the respondent may file a notice of appeal." CDPHE Reg. No. 1.9.3(A)(1) and (2), 6 Code Colo. Regs. 1007–2.

Here, however, the order served on defendant provided: "This Compliance Order shall become effective within ten (10) calendar days of receipt unless you request an informal conference pursuant to the following paragraph. Should you request an informal conference the Compliance Order will not become effective until further notice is issued after such conference."

Under the regulations, a party may seek to resolve a compliance order in an informal conference held by phone, in person, or by mail. CDPHE Reg. No. 1.9.2(A)(1)(a). CDPHE interprets this regulation as requiring that a party specifically request an informal conference.

Defendant first asserts this interpretation is unreasonable because the regulations do not require a specific request. We are not persuaded.

An informal conference may be part of the administrative process, and thus CDPHE needs a clear indication when the conference stage begins and ends. Moreover, the regulations contemplate action by the respondent to begin this phase of the process in that a respondent's "acceptance of an offer for an Informal Conference" does not stay enforcement of a compliance order that is effective immediately, and a respondent's failure to accept an offer "shall not preclude a respondent from filing an appeal of the Compliance Order." CDPHE Reg. No. 1.9.2(C)(5). Thus, we agree with CDPHE's interpretation of the regulations as requiring a specific request.

■ We also reject defendant's related assertion that the ten-day limit to request an informal conference is arbitrary and capricious. This time limit affords a reasonable period within which to review an order and decide whether to pursue informal resolution. *Cf.* C.R.C.P. 12(a) (affording party ten days within which to file responsive pleading upon denial of a motion).

■■ We reject defendant's further argument that the appeal period never ran because his consultant either requested or engaged in an informal conference pursuant to his May 25, 2000 letter, which responded to service of the compliance order on May 20. This letter said defendant "was out of town on business" and "will not be requesting any informal conference within ten (10) calendar days of receipt," but the consultant "will be responding to you regarding this issue formally within the next thirty (30) days of your receipt of this letter."

CDPHE interpreted this letter as defendant's waiver of an informal conference. In light of the statement that defendant would not be requesting a conference within ten days, the absence of a request for more time to consider engaging in the informal conference process, and the consultant's reference to "responding ... formally," we conclude CDPHE's interpretation was not arbitrary and capricious.

Hence, we agree with the trial court that because the compliance order became effective and defendant did not appeal, he failed to exhaust his administrative remedies.

## C.

■ Defendant next argues the trial court erred in relying on his failure to exhaust administrative remedies to bar as a matter of law certain of his defenses to enforcement of the compliance order. He argues that the exhaustion requirement should apply only to claims, not to defenses. We do not agree.

■ Colorado courts strictly adhere to the exhaustion of remedies doctrine, which requires parties to pursue statutory remedies before seeking relief in district court. *Denver–Laramie–Walden Truck Line, Inc. v. Denver–Fort Collins Freight Serv., Inc.*, 156 Colo. 366, 399 P.2d 242 (1965). Exhaustion allows an agency to correct errors on matters within its expertise and to compile a record adequate for judicial review, and it also conserves judicial resources. *State v. Golden's Concrete Co.*, 962 P.2d 919 (Colo.1998). Exhaustion also protects against premature interference by the courts and piecemeal litigation. *Moschetti v. Liquor Licensing Auth.*, 176 Colo. 281, 490 P.2d 299 (1971).

Defendant does not rely on any of the recognized exceptions to the exhaustion requirement. *See City & County of Denver v. United Air Lines, Inc.*, 8 P.3d 1206 (Colo. 2000). Instead, he argues the doctrine does not bar his defenses because trial courts entertain pre-enforcement challenges to agency regulations and because they review final agency action. We are not persuaded.

Here, defendant did not mount a pre-enforcement challenge. CDPHE issued the order before he challenged the regulation. Moreover, CDPHE's functions and expertise include issuance of compliance orders, enforcement of those orders, and interpretation of its own regulations. Thus, a complete administrative record based on those functions and expertise would have facilitated judicial review of defendant's nonconstitutional defenses.

Although we are unaware of any Colorado case that has applied exhaustion to bar a defense, other courts have concluded that allowing a defendant to assert a defense

which could have been, but was not, raised in the underlying administrative proceeding would constitute an impermissible collateral attack on the administrative order. *See Dep't of Air Force v. Fed. Labor Relations Auth.*, 775 F.2d 727 (6th Cir.1985); *City of Lubbock v. Corbin*, 942 S.W.2d 14 (Tex.App. 1996); *cf. Yellow Cab Co. v. Williams*, 583 N.E.2d 774 (Ind.Ct.App.1991). We find these cases persuasive and follow them here.

Accordingly, we conclude the trial court properly found defendant's nonconstitutional defenses barred by his failure to exhaust administrative remedies.

## II. Challenges to the CDPHE Regulations

■■■ Defendant next asserts CDPHE's regulations are unconstitutional because as revised, they are retrospective, they violate his obligations of contract, they denied him procedural due process, and CDPHE cannot both adopt and enforce the regulations. We disagree.

■■■ Initially, we note that administrative agencies lack jurisdiction to decide the constitutionality of statutes or regulations. *Arapahoe Roofing & Sheet Metal, Inc. v. City & County of Denver*, 831 P.2d 451 (Colo. 1992). Thus, defendant did not have to exhaust his administrative remedies before raising issues of facial unconstitutionality in the trial court. *See Horrell v. Dep't of Admin.*, 861 P.2d 1194 (Colo.1993).

### A.

Defendant argues the revised regulations are retrospective and therefore unconstitutional. We do not agree.

The Colorado Constitution prohibits the General Assembly from enacting a retrospective law. Colo. Const. art. II, § 11. However, not all retroactive legislation is unconstitutional. Colorado courts have distinguished unconstitutional retroactive legislation from constitutional retroactive legislation by calling the former "retrospective" and the later "retroactive." *Hill v. DeWitt*, 54 P.3d 849 (Colo.2002).

■■■ Legislation is retrospective if it impairs a vested right, creates a new obligation, imposes a new duty, or attaches a new disability to a vested right. *Hill v. DeWitt, supra.* A party cannot claim a vested right when the challenged public interest outweighs the private right. *Himelgrin v. City & County of Denver*, 717 P.2d 1006 (Colo.App.1986).

■■■ To determine whether a law is retrospective, we first decide whether the General Assembly intended the statute to operate retroactively. If so, then we determine whether the statute is unconstitutionally retrospective. *City of Greenwood Village v. Petitioners for Proposed City of Centennial*, 3 P.3d 427 (Colo.2000). "A statute is presumed to be prospective in its operation." Section 2–4–202, C.R.S.2002.

Here, defendant argues the financial assurance requirement is retroactive because it was not in effect when he purchased the facility in 1990. *See* CDPHE Reg. No. 1.8. We are not persuaded.

The General Assembly enacted the statute requiring financial assurance in 1992, but the financial assurance requirement did not become effective until April 9, 1997. Section 30–20–104.5(4), C.R.S.2002; CDPHE Reg. No. 1.3.2(A). Thus, the financial assurance requirement applies only to conduct after the effective date and is not retroactive. *See Himelgrin v. City & County of Denver, supra.*

Nevertheless, defendant argues that because the financial assurance requirement increases his cost of operating the facility, the requirement unconstitutionally impairs a vested right. Again, we are not persuaded.

As a participant in a regulated industry, defendant should have recognized the risk of further regulation. *See Hill v. DeWitt, supra.* Further, the public health risk from improper disposal of solid waste and the long-term threat to the environment outweigh defendant's financial interest. *Cf. Himelgrin v. City & County of Denver, supra.*

Thus, we reject defendant's contention that the regulations are retrospective.

**B.**

■ We also reject defendant's argument that the financial assurance requirement violates the Colorado Constitution by impairing the obligation of contract.

■ The Colorado Constitution prohibits laws that impair the obligations of contracts. Colo. Const. art. II, § 11. However, legislation that impairs a contract is not unconstitutional if the challenged statute reasonably serves a legitimate public concern when balanced against its impairment of a contract. *Hill v. DeWitt, supra.*

Because we conclude CDPHE has a legitimate public interest in regulating solid waste disposal sites, and defendant's claimed contractual obligation was a previously completed sales contract with the facility's prior owner, we reject defendant's argument.

**C.**

■ Defendant next argues CDPHE violated his constitutional right to procedural due process by denying him an adequate opportunity to respond to the compliance order. We disagree.

We view defendant's argument as raising the facial unconstitutionality of the regulations and therefore not subject to the exhaustion requirement.

■ The Colorado Constitution protects individuals from arbitrary governmental intrusion on liberty and property interests. Colo. Const. art. II, § 25. Procedural due process requires an opportunity to be heard before the state deprives an individual of a constitutionally protected liberty or property interest. *Am. Drug Store, Inc. v. City & County of Denver,* 831 P.2d 465 (Colo.1992).

■ We evaluate a procedural due process challenge by balancing the nature and extent of the private interest claimed against the adequacy of the procedure provided. *Watso v. Colo. Dep't of Soc. Servs.,* 841 P.2d 299 (Colo.1992).

Defendant does not specifically identify his constitutional interest, but we assume it is his property interest in avoiding the expense to obtain financial assurance. Even if this were a constitutionally protected interest, we find CDPHE's procedure sufficient.

Before CDPHE served defendant with the compliance order, it sent him a compliance advisory concerning his failure to establish financial assurance. After service of the compliance order, CDPHE informed defendant he would be entitled to an informal conference and the opportunity to appeal to an Administrative Law Judge. *See* CDPHE Reg. No. 1.9.3(A).

Hence, we reject defendant's argument that the CDPHE regulations deprived him of due process.

**D.**

■ Defendant further contends the financial assurance regulations contain a "grandfather clause" that exempts his facility from compliance. Defendant does not cite any authority that this contention raises a constitutional issue, and we are unaware of any such authority.

Although the argument that an administrative agency exceeded its statutory authority would not be subject to the exhaustion requirement, *Colo. Health Facilities Review Council v. Dist. Court,* 689 P.2d 617 (Colo. 1984), here defendant does not dispute either that his facility constitutes a solid waste disposal site or that CDPHE's statutory power extends to regulation of solid waste disposal sites. Instead, he asserts CDPHE Reg. No. 1.9.4 provides an exemption for a preexisting facility's waste impoundments, which he further asserts precludes application of the financial assurance requirement to his facility. We therefore conclude defendant's failure to exhaust administrative remedies precludes review of this issue.

In any event, even if defendant's assertions were correct, CDPHE would not have exceeded its statutory authority. It would only have misapplied its regulations.

Accordingly, we agree with the trial court that defendant's failure to exhaust administrative remedies barred this defense as a matter of law.

**E.**

Defendant finally contends the financial assurance regulations are unconstitutional because CDPHE promulgated the regulations it enforced against him and because the regulations threaten the power reserved to the states by the Tenth Amendment. However, defendant did not raise either contention in the trial court, and we will not consider them for the first time on appeal. *See Colgan v. State,* 623 P.2d 871 (Colo.1981).

**III. Timing of Summary Judgment**

Defendant next argues the trial court erred in denying him additional time to respond to CDPHE's motions and an opportunity to amend his answer. We disagree.

**A.**

Under C.R.C.P. 56(f), the party opposing summary judgment may be granted additional time to gather evidence and thereby avoid a "precipitous and premature" entry of summary judgment. *Sundheim v. Bd. of County Comm'rs,* 904 P.2d 1337, 1352 (Colo. App.1995), *aff'd,* 926 P.2d 545 (Colo.1996). However, when the party seeking more time does not file a supporting affidavit as required by C.R.C.P. 56(f), a trial court acts within its discretion in denying the request. *Card v. Blakeslee,* 937 P.2d 846 (Colo.App. 1996).

Here, defendant did not file the required affidavit, and he did not identify any specific factual issue that could be developed through discovery.

Accordingly, we conclude the trial court properly denied the request.

**B.**

We reject defendant's further argument that the trial court erred by not permitting him to amend his answer before entering summary judgment.

Motions to amend the pleadings should be freely granted when doing so would serve the interests of justice. However, the decision whether to grant a motion to amend is committed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *In re Benton v. Adams,* 56 P.3d 81 (Colo.2002). A trial court does not abuse its discretion in denying a motion to amend that is futile. *Conrad v. Imatani,* 724 P.2d 89 (Colo.App.1986).

The record on appeal contains the motion to amend, but not the proposed amended answer. As appellant, defendant is responsible for designating the record on appeal, *see* C.A.R. 10(b), and if the appellant does not provide a complete record on appeal, we must presume the record supports the trial court's conclusions. *People v. Ullery,* 984 P.2d 586 (Colo.1999). Nothing in the motion to amend casts doubt on the issues of law decided by the trial court. *See L.G. Everist, Inc. v. Water Quality Control Comm'n,* 714 P.2d 1349 (Colo.App.1986).

Hence, we conclude the court did not abuse its discretion in denying defendant's motion to amend his answer.

**IV.**

Finally, defendant argues the trial court erred in assessing a penalty against him because he did not violate a valid compliance order. We disagree.

We have upheld the trial court's determination that defendant is subject to the financial assurance requirement, and defendant does not dispute that he failed to provide financial assurance in response to the compliance order. Section 30–20–113(5), C.R.S.2002, allows civil penalties for noncompliance with the financial assurances regulations. A trial court enjoys considerable discretion in assessing a penalty. *Cf. Lloyd A. Fry Roofing Co. v. State Dep't of Health Air Pollution Variance Bd.,* 191 Colo. 463, 553 P.2d 800 (1976).

Here, the trial court assessed a penalty of $17 per day, which is well below the statutory maximum $2,000 per day. *See* § 30–20–113(5).

Thus, we conclude the trial court acted within its discretion in assessing the penalty against defendant.

The judgment is affirmed.

Judge ROTHENBERG and Judge TAUBMAN concur.