FLICK THEATER, INC., DBA FLICK THEATRE, A NEVADA CORPORATION, APPELLANT, *v.* CITY OF LAS VEGAS, NEVADA, A MUNICIPAL CORPORATION AND A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, RESPONDENT.

No. 18075

March 31, 1988                                    752 P.2d 235

[Rehearing denied April 28, 1988]

*Marquis & Haney,* and *James P. McBride,* Las Vegas, for Appellant.

*Rex Bell,* District Attorney, Clark County; *George Ogilvie,* City Attorney, *John Edward Roethel,* Chief Civil Deputy City Attorney, Las Vegas, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

Appellant Flick Theater sought an injunction in the district court enjoining the enforcement of local ordinances prohibiting the operation of sexually oriented businesses within one thousand feet of a school or church. The district court refused injunctive relief and we affirm the district court action.

In 1978 the City of Las Vegas enacted an ordinance which provides that "[n]o person shall cause or permit the establishment of . . . sexually oriented businesses . . . within one thousand feet of . . . [a] church [or] school. . . ." LVMC 19.74.030(A). Flick stipulates that it is engaged in a sexually oriented business within the prohibited one thousand feet distance. It argues, however, that since it was already engaged in a sexually oriented business in the prohibited location when the ordinance was enacted, it cannot be said to have caused or permitted the *establishment* (that is, Flick claims, the creation or commencement) of a business. As we see Flick's position in this case, it does not make any difference whether *establishment* refers to the opening of this kind of business or the continued operation of such business because at the time of enacting LVMC 19.73.030(A) the city enacted LVMC 19.74.040 which deals expressly with exist-

ing businesses and makes very clear the city's intention to ban operation of these businesses in proximity to schools and churches by declaring any existing businesses in violation of the school-church ban to be a nonconforming use after five years from the enactment of the ordinance.[1]

The intent of the Las Vegas City Council clearly prevails over the literal sense of the wording of the two ordinances. *See* Welfare Div. v. Washoe Co. Welfare Dep't, 88 Nev. 635, 503 P.2d 457 (1972). It is clear from reading LVMC 19.74.030 and LVMC 19.74.040 that the Las Vegas City Council intended any sexually oriented business existing as of April 16, 1978, and located within one thousand feet of any church or school, to be a nonconforming use subject to the five-year amortization period. Since Flick, by its own admission, satisfies these criteria, Flick is subject to enforcement of LVMC 19.74.040.

Flick also claims that LVMC 19.74.030 and LVMC 19.74.040 improperly regulate beyond the express delegation of power in NRS 278.0222.[2]

The city did not exceed the legislative authority granted under NRS 278.0222 because the ordinances in question are not in conflict with the state statute. In Lamb v. Mirin, 90 Nev. 329, 526 P.2d 80 (1974), we noted that in determining whether the

---

[1]LVMC 19.74.040 reads as follows:

> 19.74.040 Existing as of 1978. Any business existing as of April 16, 1978, that is in violation hereof shall be deemed a nonconforming use. Such a nonconforming use will be permitted to continue for a period not to exceed five years, unless sooner terminated for any reason whatsoever or voluntarily discontinued for a period of thirty days or more. Such nonconforming uses shall not be increased, enlarged, extended or altered except that the use may be changed to a conforming use. In the event that two or more sexually oriented businesses are within one thousand feet of one another and otherwise in a permissible zone, the first such sexually oriented business licensed and continually operating at a particular location shall be the conforming use and the later-established business(es) shall be nonconforming.

We have not lost sight of Flick's contention that it cannot be "in violation" of the ordinance because it never caused or permitted *establishment* of a sexually oriented business; we merely reject the argument as being unpersuasive.

[2]NRS 278.0222 provides as follows:

> A commission may recommend or a governing body may adopt zoning regulations restricting the construction, reconstruction, alteration, repair or use of buildings, structures or land as adult bookstores or adult motion picture theaters to specific districts within the geographical jurisdiction of the commission and governing body.

legislature intended to occupy a particular field to the exclusion of all local regulation the courts should look to the whole purpose and scope of the legislative scheme. "That which is allowed by the general laws of a state cannot be prohibited by local ordinance, without an express grant on the part of the legislature." *Lamb,* 90 Nev. at 333, 526 P.2d at 82. There is nothing in the ordinances enacted by the city that appears to prohibit any activities that are expressly allowed by state legislation, and NRS 278.0222 cannot be said to preempt the city's ordinance enactments here in question.

The state has delegated to the city express authority to regulate the location of sexually oriented businesses. General authority to regulate the location and use of buildings and structures, in order to promote the health and general welfare of the community, is granted under NRS 278.020 and NRS 278.250.[3] These state statutes do not constitute a comprehensive statutory scheme which purports to regulate the location of sexually oriented businesses throughout the state and do not indicate any attempt by the state to occupy the field. To the contrary, the intent of the state, as clearly manifested in the above statutes, is to vest in local government the authority to regulate such matters as they see fit. These ordinances are not, as claimed by Flick, an excessive exercise of municipal legislative power that renders the ordinances void under state law.

As previously stated, it is clear that LVMC 19.74.040 applies to Flick. Since Flick has failed to offer facts demonstrating that enforcement of this ordinance against Flick infringes upon Flick's first amendment rights, and since the city had the authority to enact ordinances regulating the location of sexually oriented businesses in proximity to schools and churches, it does not

---

[3]NRS 278.020(1) states:

1. For the purpose of promoting health, safety, morals, or the general welfare of the community, the governing bodies of cities and counties are authorized and empowered to regulate and restrict the improvement of land and to control the location and soundness of structures.

NRS 278.250(1) states:

1. For the purposes of NRS 278.010 to 278.630, inclusive, the governing body may divide the city, county or region into zoning districts of such number, shape and area as are best suited to carry out the purposes of NRS 278.010 to 278.630, inclusive. Within the zoning district it may regulate and restrict the erection, construction, reconstruction, alteration, repair or *use of buildings, structures or land.*

appear that the trial court abused its discretion in denying Flick's motion for a preliminary injunction.[4]

The district court judgment is affirmed.

GUNDERSON, C. J., STEFFEN, YOUNG, and MOWBRAY, JJ., concur.

---

[4]There are no valid first amendment claims asserted here, as there is no showing that requiring these kinds of businesses outside the shadows of schools and churches unduly burdens protected speech. *See, e.g.,* Lydo Enterprises, Inc. v. City of Las Vegas, 745 F.2d 1211 (9th Cir. 1984), in which the federal circuit court reversed a district court's order granting Lydo Enterprises a preliminary injunction prohibiting enforcement of LVMC 19.74.040 against it. The circuit court noted that it was mindful that Lydo waited five years after enactment of LVMC 19.74.030 and LVMC 19.74.040 before taking legal action to protect itself from the effect of the ordinances. The court also noted that the difficulty with Lydo's position was that Lydo made no showing relating to the availability of relocation sites. The appeals court concluded that Lydo's case for a preliminary injunction was based on mere conjecture, since there was no record on which either the trial court or the appellate court could find the ordinance created a substantial restriction on protected speech. Basically the same considerations apply to the case now before us.