138 Nev., Advance Opinion 53

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ARTMOR INVESTMENTS, LLC, A SERIES OF MM HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>NYE COUNTY, A GOVERNMENTAL ENTITY; AND PAUL W. PRUDHONT, IN HIS CAPACITY AS TREASURER FOR NYE COUNTY,<br>Respondents. | No. 82742 |



FILED

JUL 07 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for a writ of mandamus. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

*Affirmed.*

The Wright Law Group and John Henry Wright, Las Vegas, for Appellant.

Christopher R. Arabia, District Attorney, and Marla Zlotek, Chief Deputy District Attorney-Civil, Nye County, for Respondents.

---

BEFORE THE SUPREME COURT, SILVER, CADISH, and PICKERING, JJ.

*OPINION*

By the Court, SILVER, J.:

Under NRS 361.610, claims for a tax sale's excess proceeds must be made within one year. In this opinion, we interpret NRS 361.610

22-21347

for the first time and determine whether it allows a former property owner to file a claim for excess proceeds outside of the one-year deadline where a tenant in common has filed a timely claim. After examining NRS 361.610 as a whole and reviewing its legislative history, we conclude that NRS 361.610 requires each claimant to timely file a claim to receive its share of excess proceeds. Because appellant did not timely file its claim, we affirm the district court's decision to deny appellant's petition for a writ of mandamus.

## FACTS AND PROCEDURAL HISTORY

AU Golds, Inc., 6600 West Charleston, LLC, and appellant Artmor Investments, LLC, purchased 17 lots in and around Pahrump, Nye County, as tenants in common (the owners). After the owners failed to pay property taxes, respondent Nye County sold the lots at public auction, resulting in excess proceeds of $177,868.24. Quit claim deeds on the tax sale properties were recorded on June 8, 2019.

Under NRS 361.610(4), the owners had one year from when the deed was recorded to file a claim for the excess proceeds. Both AU Golds and 6600 West Charleston timely filed claims, and Nye County issued payments of $59,289.55 to each of them.[1] Artmor learned of the excess proceeds in June 2020 and went to Nye County in July to claim its one-third portion. But Nye County informed Artmor that it would not issue that share of the excess proceeds because more than one year had passed since

---

[1]Another company who claimed to have power of attorney over Artmor filed a claim for the excess proceeds in early 2020. Although Nye County initially issued a check for the full amount to that company, Nye County later canceled or reversed that payment. Because the other joint tenants timely filed their two claims, we need not weigh this third claim in addressing the question on appeal and therefore do not consider it further.

the deeds were recorded. Artmor petitioned the district court for a writ of mandamus directing the Nye County treasurer to issue Artmor a check for $59,289.49. Artmor argued that NRS 361.610 is satisfied where at least one claim is filed within the one-year deadline, and therefore, because the other owners timely filed their claims, the statute was satisfied and the one-year limitation no longer applied. The district court conducted a hearing and denied Artmor's petition. Artmor appeals.[2]

## DISCUSSION

Artmor argues the district court erred because NRS 361.610 was satisfied by the timely filing of the other claims, which preserved Artmor's right to its share of the excess proceeds. We disagree.

Under NRS 34.160, "[a] writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). We review a district court's decision to grant or deny a writ petition under an abuse of discretion standard. *DR Partners v. Bd. of Cty. Comm'rs of Clark Cty.*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000). However, we review statutory interpretation de novo, even in the context of a writ petition. *Int'l Game Tech.*, 124 Nev. at 198, 179 P.3d at 559. We interpret a statute by giving "its terms their plain meaning, considering its provisions as a whole so as to read them in a way that would not render words or phrases superfluous or make a provision nugatory." *S. Nev. Homebuilders Ass'n v. Clark County*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005) (internal quotation marks omitted). We interpret statutory provisions to avoid

_____

[2]No party challenged the propriety of proceeding by writ petition in this case.

SUPREME COURT
OF
NEVADA

(O) 1947A

unreasonable or absurd results. *Id.* When the statute's language lends itself to two or more reasonable interpretations, the statute is ambiguous, and we can look to the legislative history to construe the statute in a manner consistent with reason and public policy. *See Matter of Estate of Scheide*, 136 Nev. 715, 719-20, 478 P.3d 851, 855 (2020).

NRS 361.610 governs the disposition of amounts received from a tax sale, including excess proceeds. NRS 361.610(4) provides the following, in pertinent part:

> The [excess proceeds] must be deposited in an interest-bearing account maintained for the purpose of holding excess proceeds separate from other money of the county. *If no claim is made for the excess proceeds within 1 year* after the deed given by the county treasurer is recorded, the county treasurer shall pay the money into the general fund of the county, *and it must not thereafter be refunded to the former property owner* or his or her successors in interest.

(Emphases added.) NRS 361.610(6) lists the order of priority for paying out excess proceeds and includes the owner in that list. *See* NRS 361.610(6)(b); NRS 361.585(4)(a). NRS 361.610(5) provides that

> *If a person* listed in subsection 6 *makes a claim* in writing for the excess proceeds within 1 year after the deed is recorded, *the county treasurer shall pay* the claim or *the proper portion of the claim over to the person* if the county treasurer is satisfied that the person is entitled to it.

(Emphases added.)

NRS 361.610(4)'s "[i]f no claim is made" language would be ambiguous, if read in isolation, because it could be interpreted to require all parties claiming excess proceeds to do so within one year of the deed's recording or to require only that at least one claim be filed within that year.

However, NRS 361.610(4) must be read in concert with its remaining language and the other subsections. *See Cromer v. Wilson*, 126 Nev. 106, 110, 225 P.3d 788, 790 (2010) ("[T]his court has a duty to construe statutes as a whole, so that all provisions are considered together and, to the extent practicable, reconciled and harmonized."); *Cable v. State ex rel. its Emp'rs Ins. Co. of Nev.*, 122 Nev. 120, 126, 127 P.3d 528, 532 (2006) ("[S]ubsections of a statute will be read together to determine the meaning of that statute."). Notably, NRS 361.610(4) states that after the one-year period expires, excess funds "shall" go into the county's general fund and that the county treasurer "must not thereafter . . . refund[ ]" excess proceeds to the former property owner. This indicates that *all* claimants must file a timely claim because whatever proceeds are unclaimed at the end of the year period will go into the county fund and cannot thereafter be refunded. In this same vein, NRS 361.610(5) states that the county treasurer will pay the claim if "a person" entitled to excess proceeds under this statute files their claim within the one-year deadline, acknowledging that only a portion of the proceeds may be paid to that claimant if more is not otherwise owed. Furthermore, subsection 7 requires the county treasurer to determine a claim within 30 days after subsection 4's one-year period expires. These subsections further support that a timely filed claim does not somehow toll or extinguish the one-year deadline, which remains in force as to each claimant and sets an outer limit on when the county treasurer must approve or deny all claims so that unclaimed excess proceeds can be deposited into the county fund. Thus, from NRS 361.610's language as a whole, it follows that the one-year deadline applies to all claimants regardless of whether other claims have been timely filed.

Legislative history supports this interpretation. Prior to 1979, NRS 361.610(4) required excess proceeds to be paid into the general fund, and it furnished no method for property owners to obtain excess proceeds. Hearing on S.B. 163 Before the S. Comm. on Taxation, 60th Leg., at 621 (Nev., Mar. 6, 1979); 1979 Nev. Stat., ch. 429, § 2, at 771-72. However, in 1979, the Legislature expressed an interest in ensuring the property owner receive any excess proceeds, especially where the property owner had requested them, but also expressed concern that keeping the money outside of the counties' general funds for a time "would be a large revenue loss to the counties." *See* Hearing on S.B. 163 Before the S. Comm. on Taxation, 60th Leg., at 622 (Nev., Mar. 6, 1979). The statute was amended to place excess proceeds in an account after the tax sale and to impose a deadline on filing a claim, after which any remaining excess proceeds would go into the county's general fund. 1979 Nev. Stat., ch. 429, § 2, at 771-72. This shows the Legislature intended to put a filing deadline on all claims, so as not to deprive the county of unclaimed funds. Subsequent legislative history demonstrates that the Legislature continues to view NRS 361.610 as providing a deadline by which a claimant must file a claim. *See* Hearing on A.B. 371, Before the Assemb. Comm. on Gov't Affairs, 73d Leg., at 44 (Nev., Apr. 8, 2005) (describing these same sections as allowing a former property owner to claim the money if he or she files the claim within the time period); Hearing on A.B. 585, Before the Assemb. Comm. on Taxation, 74th Leg., at 19 (Nev., Apr. 12, 2007) (discussing the process of notifying a former property owner of excess proceeds but not wanting the county to be held liable if someone is not properly notified).

SUPREME COURT
OF
NEVADA

(O) 1947A

6

We are also unpersuaded by Artmor's argument that, pursuant to NRS 361.610(6), Nye County was prohibited from adjudicating the rights of the other owners without also adjudicating Artmor's rights and paying Artmor its share. NRS 361.610(6) establishes the priority of claimants in the event there are multiple claimants. Notably, nothing in subsection 6 establishes that paying out one claim to excess proceeds requires the county treasurer to pay excess proceeds to other equal-tiered or higher-tiered claimants who fail to timely file a claim. Further, the legislative history on that subsection indicates it was created to specify the claim priority for "finder[s]," which are companies who locate people entitled to the money in return for a cut of the proceeds. *See* Hearing on A.B. 585, Before the Assemb. Comm. on Taxation, 74th Leg., at 19-20 (Nev., Apr. 12, 2007). This history suggests that reserving payouts for untimely claimants was not the Legislature's intention in promulgating NRS 361.610(6). It therefore follows from the statute as a whole, as well as from the collective legislative history, that subsection 6 does not operate to require the county to pay late-filed claims simply because the county pays another claim.

Therefore, we conclude that if a former property owner wants its share of the excess proceeds from a tax sale, the former property owner must file a claim for those excess proceeds within NRS 361.610's one-year deadline. Here, Artmor failed to file its claim to the excess proceeds within the deadline, and the other timely filed claims did not relieve Artmor of its burden to do so. Nor did Nye County's determination to pay the other two owners their shares of the excess proceeds require Nye County to also pay Artmor its share of the proceeds. Because Artmor failed to timely file a

claim, the money is no longer accessible to Artmor under NRS 361.610, and the district court properly denied Artmor's petition for a writ of mandamus.

## CONCLUSION

NRS 361.610 requires a former property owner to submit a timely claim in order to receive excess proceeds after a tax sale. Because Artmor did not file a timely claim for excess proceeds, it was not entitled to those proceeds, and the district court did not abuse its discretion in denying Artmor's writ petition. Therefore, we affirm the district court's order denying Artmor's writ petition.

_____, J.
Silver

We concur:

_____, J.
Cadish

_____, J.
Pickering