NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY TERESE ASKEW, | No. 21-15310 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02026-APG-BNW |
| v. | |
| COUNTY OF CLARK; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted August 9, 2022
San Francisco, California

Before: OWENS, BADE, and BRESS, Circuit Judges.

Plaintiff-Appellant Kimberly Terese Askew appeals from the district court's

grant of summary judgment in favor of Defendants-Appellees Clark County, the

Animal Foundation (the "Foundation"), Tiffany Bonnell, Stephanie Clevinger, and

Jason Allswang (collectively, the "County Defendants"), and Defendant-Appellee

Sandra Southwell, on Askew's claims under 42 U.S.C. § 1983 and Nevada law.

---

    \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

1. The district court properly granted summary judgment on Askew's Fourth Amendment claims, as these claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The challenged searches and seizure formed the basis for the investigation and prosecution of Askew for animal cruelty, as Askew argued in support of her motion to suppress during her criminal proceedings. *See Whitaker v. Garcetti*, 486 F.3d 572, 583 (9th Cir. 2007). Askew has not identified any independent evidence, apart from the evidence obtained from the challenged searches and seizure, that could have supported the charges and ultimate conviction.

2. The district court properly granted summary judgment on Askew's due process claims. As for Askew's due process claim against Southwell, Askew did not challenge in her opening brief the district court's alternative holding that Southwell was entitled to qualified immunity, so Askew has forfeited her challenge to the district court's grant of summary judgment on this claim. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). As for Askew's due process claim against the County Defendants, we conclude that Clark County Code § 10.32.020 afforded Askew adequate process. Askew's due process rights were not violated by the lack of a pre-deprivation hearing, and § 10.32.020 provided Askew adequate

post-deprivation process. *See Recchia v. City of L.A. Dep't of Animal Servs.*, 889 F.3d 553, 561–62 (9th Cir. 2018); *cf. Buckingham v. Sec'y of U.S. Dep't of Agric.*, 603 F.3d 1073, 1084 (9th Cir. 2010) (no due process violation when claimant was "permitted to give oral argument" and "present written arguments and evidence on his own behalf"); *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005) (no due process violation resulting from the "absence of a post-deprivation hearing . . . in light of the opportunity for such a hearing that was given to the [claimants]"); *First Nat'l Bank & Tr. v. Dep't of Treasury, Comptroller of Currency*, 63 F.3d 894, 898–99 (9th Cir. 1995) (no due process violation when claimant was given an "opportunity to respond" and an "ample opportunity to argue its position and to rebut the [opposition's] conclusions before an impartial tribunal").

We reject Askew's argument that Clark County Code § 10.32.020 is preempted by Nev. Rev. Stat. § 574.100(9), as there is no conflict between those statutes and there is no clear indication that the State intended to occupy the entire field at issue. *See Flick Theater, Inc. v. City of Las Vegas*, 752 P.2d 235, 237 (Nev. 1988); *Kuban v. McGimsey*, 605 P.2d 623, 626 (Nev. 1980); Nev. Rev. Stat. § 244.359(1)(d) (providing that "[e]ach board of county commissioners may enact and enforce an ordinance or ordinances . . . [p]rohibiting cruelty to animals"). Last, because the district court did not err in determining that Askew was afforded

3

sufficient due process, it was not error for the district court to decline to address the constitutionality of Clark County Code § 10.32.020. *See Wiren v. Eide*, 542 F.2d 757, 762 (9th Cir. 1976).

3. The district court properly granted summary judgment in favor of the County Defendants on Askew's state-law conversion claim. Even viewing the facts in the light most favorable to Askew, the district court correctly concluded that Askew's dogs were seized with lawful justification, *see* Clark County Code §§ 10.08.130, 10.32.020(A), defeating a claim for conversion. *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (stating that conversion is a "distinct act of dominion *wrongfully* exerted over another's personal property" (emphasis added) (citation and internal quotation marks omitted)). Askew does not challenge the district court's finding that the dogs in excess of the number of dogs that she was permitted to have at her residence under Clark County Code § 10.08.130 were lawfully seized. *Eberle*, 901 F.2d at 818. Additionally, Askew has not identified any genuine dispute of material fact that would preclude summary judgment on the basis that the remaining dogs were lawfully seized because of suspected mistreatment or that all were lawfully impounded even after she posted a bond for some of the dogs. *See Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (stating that a "genuine dispute of material fact exists where a reasonable jury could return a verdict for the non-moving party" (citation

omitted)).

As for Askew's conversion claim against Southwell, we vacate the district court's judgment and remand for the district court to determine, in the first instance, whether it lacked subject matter jurisdiction over this claim under Nev. Rev. Stat. § 41.0337, an issue that Southwell raised for the first time on appeal. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (stating that "[j]urisdiction to resolve cases on the merits requires . . . authority over the category of claim in suit (subject-matter jurisdiction)").[1] We leave for the district court to determine on remand whether leave to amend would be proper if it lacks subject matter jurisdiction, or whether to exercise supplemental jurisdiction over this claim, even if it decides the claim could proceed in federal court.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**[2]

---

[1] Because Askew named Clark County in her complaint, Section 41.0337 does not affect her conversion claims against several of the County Defendants. Nev. Rev. Stat. § 41.0337(1) (requiring that the "State *or* appropriate political subdivision is named a party defendant" to any tort action brought against an "[o]fficer or employee of the State or of any political subdivision" (emphasis added)).

[2] Costs are taxed against Askew. Fed. R. App. P. 39(a)(4).