140 Nev., Advance Opinion 12

IN THE SUPREME COURT OF THE STATE OF NEVADA

SUNRISE HOSPITAL AND MEDICAL
CENTER, LLC; AND CORD OLSEN,
RN,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARIA A. GALL, DISTRICT JUDGE,
Respondents,
    and
TIFFINY GRACE, INDIVIDUALLY
AND AS LEGAL GUARDIAN AND
MOTHER OF E.G.,
Real Party in Interest.

No. 85844

FILED

MAR 07 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
    CHIEF DEPUTY CLERK

Original petition for a writ of prohibition challenging a district court order compelling discovery.

*Petition granted.*

Hall Prangle & Schoonveld, LLC, and Nathan R. Reinmiller and Michael E. Prangle, Las Vegas,
for Petitioners.

Prince Law Group and Dennis M. Prince, Kevin T. Strong, and Andrew R. Brown, Las Vegas,
for Real Party in Interest.

BEFORE THE SUPREME COURT, HERNDON, LEE, and PARRAGUIRRE, JJ.

*OPINION*

By the Court, HERNDON, J.:

In this opinion, we address the contours of the privilege created by the federal Patient Safety and Quality Improvement Act of 2005 (PSQIA), 42 U.S.C. §§ 299b-21–299b-26, that applies to information that qualifies as patient safety work product. We determine that under the PSQIA, identifiable patient safety work product is privileged from discovery in civil proceedings and the privilege cannot be waived.

*FACTS AND PROCEDURAL HISTORY*

E.G. was born prematurely at Sunrise Hospital on January 8, 2018. Sunrise's medical team placed him in the Neonatal Intensive Care Unit due to complications from the premature birth. On February 27, 2018, his assigned nurse, Cord Olsen, changed his fluid lines. Shortly thereafter, E.G. decompensated, his oxygen levels and heart rate plummeted, and his skin splotched with discolorations. He entered into cardiac arrest, and medical staff rushed to save him. E.G. ultimately suffered a hypoxic event, leading to permanent developmental damage.

Sunrise has a Patient Safety Committee, which investigated E.G.'s cardiac arrest with the goal of improving future healthcare outcomes. Dr. Jeffrey Murawsky, the Chief Medical Officer of Sunrise, chaired the committee. His deposition testimony revealed that Sunrise used a patient safety evaluation system as its internal process for collecting, managing, and analyzing the information that it reported to the patient safety organization. The Patient Safety Committee reviewed that information,

SUPREME COURT
OF
NEVADA

(O) 1947A

collected additional data, and maintained that data within its internal evaluation system.

Real party in interest Tiffiny Grace, E.G.'s legal guardian, sued Sunrise Hospital and Nurse Olsen for professional negligence. During discovery, she attempted to depose Dr. Murawsky. She sought to discover what information the Patient Safety Committee examined in its investigation. Sunrise objected to some of the questions Grace posed on the basis of privileges under both Nevada law and the PSQIA. Grace halted the deposition, citing the need for answers to those questions. She then moved to compel further deposition testimony from Dr. Murawsky.

On October 24, 2022, the district court issued an order rejecting Sunrise's PSQIA arguments after concluding that any privilege was waived by disclosure and directed the parties to further brief whether Sunrise waived its privilege under Nevada law. Following that briefing, on December 6, 2022, the district court issued its second order, granting Grace's motion to compel. The district court determined that Sunrise had permitted Dr. Murawsky to testify about certain privileged topics, Sunrise had permitted other personnel to testify about those topics, and Sunrise had waived any privileges by permitting such testimony. The district court again rejected Sunrise's PSQIA arguments as unpersuasive. Sunrise filed the instant writ petition challenging both orders.

In November 2023, after this matter was fully briefed and set for oral argument, the district court sua sponte filed a third order relating to the motion to compel. Neither party was alerted to the court's intentions, and, as a result, they were not invited to further brief any issues or otherwise participate. However, the district court addressed only the

proportionality of the requested discovery and refused a protective order; it again rejected Sunrise's PSQIA arguments in conclusory fashion.

## DISCUSSION

This original proceeding asks us to determine whether the district court exceeded its jurisdiction by compelling testimony concerning allegedly privileged information. Because harm from disclosure of that information cannot be remedied in the normal course of an appeal and this petition concerns a novel issue of law, we consider the petition. In doing so, we first consider whether the PSQIA patient safety work product privilege can be waived. We then consider the district court's decision in the context of whether the information that Grace seeks to discover constitutes privileged patient safety work product.

*Writ relief*

Writ relief is appropriate to prevent the disclosure of privileged information. "When the district court acts without or in excess of its jurisdiction, a writ of prohibition may issue to curb the extrajudicial act." *Toll v. Wilson*, 135 Nev. 430, 432, 453 P.3d 1215, 1217 (2019) (internal quotation marks omitted). "Therefore, even though discovery issues are traditionally subject to the district court's discretion and unreviewable by a writ petition, this court will intervene when the district court issues an order requiring disclosure of privileged information." *Id.*

Furthermore, writ relief is appropriate when "an important issue of law needs clarification and this court's invocation of its original jurisdiction serves public policy." *Canarelli v. Eighth Jud. Dist. Ct.*, 136 Nev. 247, 250-51, 464 P.3d 114, 119 (2020) (internal quotation marks omitted). "One such instance is when a writ petition offers this court a unique opportunity to define the precise parameters of a privilege conferred

by a statute that this court has never interpreted." *Diaz v. Eighth Jud. Dist. Ct.*, 116 Nev. 88, 93, 993 P.2d 50, 54 (2000) (cleaned up).

The district court order below compels the disclosure of allegedly privileged information, so we elect to entertain this petition for a writ of prohibition. Our intervention will clarify the extent of the privilege afforded by the PSQIA, a federal act we have yet to address. It will also serve public policy by helping medical providers and attorneys understand the extent to which patient safety work product is privileged.

*Standard of review*

We review discovery matters for an abuse of discretion. *Club Vista Fin. Servs., LLC v. Eighth Jud. Dist. Ct.*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). But we review conclusions of law, including the meaning and scope of statutes, de novo. *Dewey v. Redev. Agency of Reno*, 119 Nev. 87, 93-94, 64 P.3d 1070, 1075 (2003).

*Under the PSQIA, patient safety work product is privileged, and that privilege cannot be waived*

The PSQIA provides that "patient safety work product shall be privileged and shall not be . . . subject to discovery . . . [or] admitted as evidence in any Federal, State, or local governmental civil proceeding." 42 U.S.C. §§ 299b-22(a)(2), (4). Patient safety work product comes in two categories: identifiable and nonidentifiable. Identifiable patient safety work product includes the identities of the providers, patients, or reporters involved. 42 U.S.C. § 299b-21(2). Nonidentifiable patient safety work product includes all other patient safety work product (i.e., that without identifying information). 42 U.S.C. § 299b-21(3). Nonidentifiable patient safety work product may be voluntarily disclosed, and when it is, it is exempted from privilege. 42 U.S.C. § 299b-22(c)(3). Our opinion concerns the privilege as it pertains to identifiable patient safety work product.

There are only a few exceptions to PSQIA privilege for identifiable patient safety work product: in certain criminal proceedings, in civil actions brought by a good-faith reporter, or when every medical provider identified in the work product authorizes disclosure. 42 U.S.C. § 299b-22(c)(1)(A)–(C). None of those exceptions apply here.

Nonetheless, the district court found that Sunrise could waive the PSQIA's grant of privilege over patient safety work product. It erred in doing so by abusing the negative-implication canon to create a necessary condition for privilege where none exists in the PSQIA's implementing regulation.[1]

The regulation, 42 C.F.R. § 3.208, states that patient safety work product disclosed in accordance with 42 C.F.R. § 3.204(b)(1) or disclosed impermissibly shall remain privileged. But the district court interpreted this regulation to mean that patient safety work product disclosed *permissibly* shall *not* remain privileged. This maneuver was both logically invalid and incorrect as a matter of law.

The plain language of the regulation describes when patient safety work product shall continue to remain privileged. 42 C.F.R. § 3.208. It does not purport to describe when patient safety work product shall be excepted from privilege, as the implementing regulations cover those

---

[1]Better known in its Latin form as *"expressio unius est exclusio alterius,"* the negative-implication canon holds that the expression of one thing implies the exclusion of others. Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 107 (2012). "Virtually all the authorities who discuss the negative-implication canon emphasize that it must be applied with great caution, since its application depends so much on context." *Id.* The applicability of the canon is limited to when the subjects specified in the rule can reasonably be thought to be an expression of all that share in the quality described. *Id.*

exceptions in a different section. *See* 42 C.F.R. § 3.204(b) (titled "[e]xceptions to privilege" and describing when privilege shall not apply to the enumerated disclosures). The negative-implication canon should not be applied to 42 C.F.R. § 3.208 because it creates an exception to privilege far broader than the exceptions to privilege explicitly carved out elsewhere in the PSQIA and its implementing regulations.

The district court's interpretation also fails to consider that the PSQIA's implementing regulations already contemplate when voluntary disclosure could defeat privilege, specifically, for nonidentifiable patient safety work product. 42 C.F.R. § 3.204(b)(4). Reading further exceptions to privilege into 42 C.F.R. § 3.208 would render the explicitly enumerated exceptions in 42 C.F.R. § 3.204(b) superfluous. That violates one of our long-held tenets of interpretation, which is to consider a statute's "provisions as a whole so as to read them in a way that [will] not render words or phrases superfluous or make a provision nugatory." *S. Nev. Homebuilders Ass'n v. Clark County*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005) (internal quotation marks omitted).[2]

We reject the district court's interpretation and determine that PSQIA privilege is absolute. Federal courts tasked with determining whether PSQIA privilege extends over alleged patient safety work product ask two questions: (1) whether those materials were "created for the

---

[2]Because the plain language of the regulation suffices to support our conclusion, we need not reach other means of deciphering the drafters' intent. However, we caution district courts to be wary of finding exceptions to a rule via the negative-implication canon when such exceptions are explicit elsewhere in the regulatory scheme. It would be quite strange to make some exceptions explicit under the section titled "Exceptions to privilege" (42 C.F.R. § 3.204(b)) but others implicit under a section titled "Continued protection of patient safety work product" (42 C.F.R. § 3.208(b)).

SUPREME COURT
OF
NEVADA

(O) 1947A

purpose of reporting to a patient safety organization"[3] and (2) whether they were "so reported." *Nelms v. Wellpath, LLC*, No. 21-10917, 2023 WL 2733379, at *2 (E.D. Mich. Mar. 31, 2023) (quoting *Penman v. Correct Care Sols., LLC*, No. 5:18-CV-00058-TBR-LLK, 2020 WL 4253214, at *3 (W.D. Ky. July 24, 2020), and citing *Tinal v. Norton Healthcare, Inc.*, No. 3:11-CV-596-S, 2014 WL 12581760, at *11 (W.D. Ky. July 15, 2014)). We adopt the same test here in Nevada. The only factors bearing on whether identifiable patient safety work product may be privileged under the PSQIA are (1) whether the materials were created for the purpose of reporting to a patient safety organization and (2) whether they were so reported. If they are so privileged, then courts must consider whether one of the exceptions made explicit by 42 C.F.R. § 3.204(b) applies.

Because the PSQIA does not contemplate waiver of the privilege over identifiable patient safety work product, we conclude that such a privilege cannot be waived. Our interpretation accords with the PSQIA's stated goals. Congress enacted the PSQIA to "strike[ ] the appropriate balance between plaintiff rights and creat[e] a new culture in the health care industry that provides incentives to identify and learn from errors." S. Rep. No. 108-196, at 4 (2003). The PSQIA grants privileges to information produced in pursuit of that goal, like patient safety work product. 42 U.S.C. § 299b-22. The statutory scheme does not permit a finding that a party has voluntarily relinquished PSQIA privilege

---

[3]The PSQIA defines "patient safety organization[s]" and states that they must obtain certification from the Secretary of Health and Human Services. 42 U.S.C. §§ 299b-21(4), 299b-24. It is undisputed that Sunrise, at all times relevant to this suit, maintained an active agreement with a certified patient safety organization, the HCA Patient Safety Organization, LLC.

SUPREME COURT
OF
NEVADA

(O) 1947A

8

pertaining to identifiable patient safety work product; that party might inadvertently disclose patient safety work product or disclose it in accordance with specific exceptions, but the privilege continues to exist. 42 U.S.C. § 299b-22(a), (c); 42 C.F.R. § 3.208.

Finally, we note that the privilege flows in both directions. Nothing in the PSQIA precludes a plaintiff from asserting the same privilege when it suits them. If a medical provider were to attempt to introduce evidence including identifiable patient safety work product, then the plaintiff could object on the same grounds.

*We grant the petition for a writ of prohibition*

The district court further erred by failing to determine whether the testimony that Grace sought to compel constituted identifiable or nonidentifiable patient safety work product. The two are treated differently under the PSQIA. 42 U.S.C. §§ 299b-21, 299b-22. This court is not particularly suited to fact-finding in the first instance. *Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012). We thus decline to decide whether the information constitutes identifiable or nonidentifiable patient safety work product. We grant the petition for a writ of prohibition to vitiate the district court's orders to the extent they found PSQIA protections waived and compelled the testimony of potentially privileged information. We further instruct the district court to, upon reconsideration of the issue, first determine whether the testimony that Grace seeks to compel constitutes identifiable or nonidentifiable patient safety work product.[4]

---

[4]We have considered the parties' remaining arguments about preemption and state law privilege. Because we find no conflict between the PSQIA and Nevada's state law privilege provided by NRS 49.265, we

*CONCLUSION*

The district court erred by concluding that Sunrise waived any privilege over identifiable patient safety work product under the PSQIA. Because that privilege cannot be waived, the district court must first determine whether the testimony that Grace seeks to compel concerns identifiable or nonidentifiable patient safety work product, and then rule on the motion to compel accordingly. Thus, we grant the petition for a writ of prohibition. The clerk of this court shall issue a writ of prohibition directing the district court to vacate its orders compelling the testimony of Dr. Murawsky and to reconsider Grace's motion to compel in light of this opinion.



—————————————————, J.
Herndon

We concur:



—————————————————, J.
Lee

—————————————————, J.
Parraguirre

————————————

need not apply any preemption doctrine. Nonetheless, to the extent that PSQIA privilege is broader than the privilege afforded under Nevada law, the PSQIA applies. *See* 42 U.S.C. § 299b-22(a) ("Notwithstanding any other provision of Federal, State, or local law . . . patient safety work product shall be privileged . . . ."); *Nanopierce Techs., Inc. v. Depository Tr. & Clearing Corp.*, 123 Nev. 362, 370, 168 P.3d 73, 79 (2007) ("[W]hen a conflict exists between state and federal law, valid federal law overrides, *i.e.*, preempts, an otherwise valid state law.").